UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER, | No. 2:25-cv-0467-SCR |
| Plaintiff, | |
| v. | ORDER AND |
| M. BOBBALA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a transgender person incarcerated in prison who is representing herself in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by operation of Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes" provision. A review of court records reveals that, while incarcerated, and before this action was filed, another judge found plaintiff to have accrued three or more prior strikes. Miller v. Lynch, No. 2:23-cv-2145-TLN-JDP, ECF No. 9 (E.D. Cal. Feb. 6,

1

2024) (finding that four dismissals of plaintiff's prior cases counted as strikes), ECF No. 10 (March 12, 2024) (order adopting those findings).[1]  The undersigned has independently reviewed those prior dismissals and agrees they are strikes.  Therefore, it is recommended that plaintiff's motion to proceed in forma pauperis be denied under 28 U.S.C. § 1915(g).

Having determined that plaintiff has accrued three prior strikes, she is therefore precluded from proceeding in forma pauperis in this action unless she is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  This exception applies at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").  The allegations in the complaint concern the specific number of liquid nutritional supplements that plaintiff should receive at each meal.  ECF No. 1 at 3.  Plaintiff contends that she should receive two per meal, but she is only receiving a total of two each day.  ECF No. 1 at 3.  These factual allegations are not sufficient to demonstrate the type of imminent harm that would allow plaintiff to proceed with this action without paying fees.  Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm.  See Andrews, 493 F.3d at 1053.  In light of plaintiff's prior strikes and the lack of imminent danger at the time this complaint was filed, the undersigned recommends requiring plaintiff to pay the entire filing fee within a period of 30 days or face dismissal of the present action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied based on plaintiff's three or more prior strikes under 28 U.S.C. § 1915(g).

---

[1] The court takes judicial notice of this finding that plaintiff is a three strikes litigant.  See Fed. R. Evid. 201 (the court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2. Plaintiff be required to pay the full $405 filing fee for this action within 30 days or face dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE